## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:13 CR 0533 |
| | ) | 5:16 CV 1316 |
| Plaintiff-Respondent, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| CAMERON WILDER, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant-Petitioner. | ) | |
| | ) | |

This matter comes before the Court on Petitioner's Amended Motion to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (ECF

#51 in Case No. 5:13 CV 0533). For the reasons set forth below, Petitioner's Motion is DENIED.

### Factual and Procedural History

On December 3, 2013, a federal grand jury returned a one-count indictment against

Wilder charging that he was a Felon in Possession of a Firearm and Ammunition, in violation of

Title 18, Section 922(g)(1) and 924(a)(2), United States Code. On March 25, 2014, Wilder

pleaded guilty to the Indictment. Wilder had no plea agreement. However, as is the District

Court's practice, Wilder executed a Notice of Guilty Plea which contained an admission to

certain facts but was otherwise a recitation of Wilder's rights with no promises or agreements.

A final Presentence Investigation Report was filed on June 10, 2014. (ECF #25 in Case

No. 5:13 CV 0533 ). The report noted Wilder's objection to the Pretrial Services and Probation

Officer's recommendation that the district court apply a sentencing enhancement pursuant to

U.S.S.G. 2k2.1(b)(6)(B), because the firearm in this case "was found with a plastic bag

containing approximately 1.1 grams of crack cocaine, a glass crack pipe, a plastic bag containing

approximately 1.5 grams of marijuana, and 6 baggies containing small amount of heroin." *Id.*

The report suggested that there was an Advisory Guideline range of 84 to 105 months. *Id.* A

sentencing hearing was held on July 2, 2014, where the Court took evidence from the

government in support of the sentencing enhancement under 2K2.1(b)(6)(B). The court applied

the 2K2.1(b)(6)(B) enhancement and sentenced Wilder to a low-end sentence of 84 months of

incarceration. Wilder appealed this sentence, claiming that the Court committed procedural error

by: (1) establishing that he possessed the firearm in question in connection with another felony

offense; and (2) overruling his objection to a four level enhancement under U.S.S.G.

2K2.1(b)(6)(B). (ECF #38). The Sixth Circuit affirmed his sentence. Defendant filed a Motion to

Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §

2255 on May 31, 2016 (ECF #50 in Case No. 5:13 CV 0533) and an Amended Motion on June

17, 2016. (ECF #51 in Case No. 5:13 CV 0533).

## Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside, or correct the
> sentence.

Wilder raises two grounds for relief in his 28 U.S.C. § 2255 motion. (ECF #51 in Case

No. 5:13 CV 0533). In Ground One, he alleges that his counsel was ineffective for failing to

object to his "criminal history points and category," specifically errors in the PSR. *Id.* In Ground Two, he alleges that his counsel was ineffective for failing to file a downward departure. *Id.*

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum allowed by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, any court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255 *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

In order to prevail on an ineffective assistance of counsel claim, a Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that the trial was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

Petitioner's allegations of ineffective assistance are unfounded. Without stating why, Wilder concludes that his conviction for Driving Under Suspension in Stow Municipal Court, on or about July 31, 2008 (Case No. 08TRD08979), "should not be counted as a criminal history

point." (ECF #51 in Case No. 5:13 CV 0533). Under U.S.S.G. § 4A1.1©) (2013), one point is added "for each prior sentence not counted in [U.S.S.G. § 4A1] (a) or (b), up to a total of 4 points for this subsection." Wilder received one point each for the following convictions: Possession of Marijuana in Barberton Municipal Court on June 9, 2006 (Case No. 06CRB1629); Attempted Drug Abuse and Contempt of Court in Akron Municipal Court on May 24, 2007 (Case No. 09CRB0863); and Violation of a Temporary Protective Order (Case No. 09CRB0863). When combined with his Stow conviction for Driving Under Suspension, the four point threshold was not surpassed.

Under U.S.S.G. § 4A1.2(c)(1) 2013, convictions for Driving Under Suspension, or similar crimes, are counted "only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense[.]" Although Wilder only received a ten day prison sentence, he was placed on probation for two years. Thus, this conviction is properly scored under Section 4A1.2(c)(1). Had Wilder stated a reason and succeeded in challenging his Stow Driving Under Suspension conviction, there is an additional Akron Municipal Court conviction that was not scored, and that conviction would replace any invalidated conviction that was scored under Section 4A1.1©).

Wilder claims that his attorney should have objected to the scoring of his Summit County Court of Common Pleas convictions for Violating a Protection Order and for Tampering with Evidence and Trafficking in Cocaine. Although Wilder cites to U.S.S.G. § 4A1.2(a), which addresses the multiple issues related to prior sentences, he fails to identify which subsection he is referring to and why the particular subsection supports his allegation. Thus his statements are imprecise and conclusory.

In Ground Two, Wilder claims his attorney was ineffective because he failed to file a

motion for a downward departure. (ECF #51 in Case No. 5:13 CV 0533). However, his attorney,

Mr. Butler did file a motion for a downward departure and specifically referenced Wilder's

mother's health condition as requested. Wilder also argues that his previous drug offenses cannot

be used to calculate both his Offense Level and Criminal History, but fails to state any basis in

law or the guidelines that would support this argument. Mr. Butler included Wilder's request

regarding his mother's health, but did not include Wilder's argument that his previous drug

offenses cannot be used to calculate both his Offense Level and Criminal History, as there is no

basis for the inclusion of this argument.

### Conclusion

Because the files and records in this case show that Petitioner is entitled to no relief

under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons

set forth above, Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence pursuant

to 28 U.S.C. § 2255 is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal form this decision could not be taken in good faith, and that there is no

basis on which to issue a certificate of appealability. 28 U.S.C. § 2253, Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent

DONALD C. NUGENT
United States District Judge

DATED: August 17, 2016